### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., <br> 425 Third Street SW, Suite 800 <br> Washington, DC 20024, <br><br> *Plaintiff*, <br> v. <br><br> U.S. DEPARTMENT OF STATE, <br> The Executive Office <br> Office of the Legal Adviser, Suite 5.600 <br> 600 19th Street NW <br> Washington, DC 20522, <br><br> and <br><br> U.S. DEPARTMENT OF DEFENSE, <br> 1400 Defense Pentagon <br> Washington, DC 20301, <br><br> *Defendants*. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. |

### COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendants U.S. Department of State and the U.S. Department of Defense to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street

SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law.  As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA.  Plaintiff analyzes the agencies' responses and disseminates both its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of State ("State Department") is an agency of the U.S. Government headquartered at 2201 C Street, N.W., Washington, DC  20520.  The State Department has possession, custody, and control of records to which Plaintiff seeks access.

5. Defendant U.S. Department of Defense ("Defense") is an agency of the United States Government headquartered at 1400 Defense Pentagon, Washington, DC  20301.  The Defense Department has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

6. On December 17, 2019, Plaintiff sent a FOIA request to the State Department, via the State Department's online electronic FOIA submission system, seeking access to the following:

> **a)** **Any and all reports, analyses, assessments, or similar records regarding, concerning, or related to the use of chemical during the Syrian Civil War.**
>
> **b)** **Any and all records of communication between any official, employee, or representative of the Department of State and any other individual or entity regarding, concerning, or related to the use of chemical during the Syrian Civil War. This request includes, but is not limited to, any such records of communication with any official, employee, or representative of the Organization for the Prohibition of Chemical Weapons:**

The time frame for the requested records was identified as "October 17, 2012, to the present."

- 3 -

7.      By email dated February 6, 2020, the State Department acknowledged receipt of the request and indicated that the request had been assigned FOIA Control Number F-2020-02376.

8.      On December 18, 2019, Plaintiff sent a FOIA request to Defendant U.S. Department of Defense, via Defense's online electronic FOIA submission system, seeking access to the following:

>   **a)    Any and all reports, analyses, assessments, or similar records regarding, concerning, or related to the use of chemical during the Syrian Civil War:**
>
>   **b)    Any and all records of communication between any official, employee, or representative of the Department of Defense and any other individual or entity regarding, concerning, or related to the use of chemical during the Syrian Civil War. This request includes, but is not limited to, any such records of communication with any official, employee, or representative of the Organization for the Prohibition of Chemical Weapons.**

The time frame for the requests was identified as "October 17, 2012 to the present."

9.      By letter dated December 20, 2019, Defense acknowledged receipt of the request and indicated that the request had been assigned case number 20-F-0415.

10.     As of the date of this Complaint, both the State Department and Defense have failed to: (i) determine whether to comply with the request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

11. Plaintiff realleges paragraphs 1 through 10 as if fully stated herein.

12. Defendants are in violation of FOIA.

13. Plaintiff is being irreparably harmed by reason of Defendants' violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendants are compelled to comply with the law.

14. Plaintiff has no adequate remedy at law.

15. To trigger FOIA's administrative exhaustion requirement, Defendant State Department was required to make a final determination on Plaintiff's request by January 16, 2020 and Defendant Department of Defense was required to make a final determination by January 22, 2020 at the latest. Because Defendants failed to make a final determination on Plaintiff's request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendants to conduct searches for any and all records responsive to Plaintiff's FOIA requests and demonstrate that they employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests; (2) order Defendants to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA requests and *Vaughn* indices of any responsive records withheld under claim of exemption; (3) enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

- 5 -

Dated: August 19, 2020                          Respectfully submitted,

/s/ *Jason B. Aldrich*
JASON B. ALDRICH
D.C. Bar No. 495488
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel:     (202) 646-5172
Email: jaldrich@judicialwatch.org

*Counsel for Plaintiff*